# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARK WADE TYSON,

    Plaintiff,

v.                                                            Case No. 3:20-cv-759-J-32PDB

JUDGE DANIEL, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Mark Wade Tyson, a pretrial detainee at the Nassau County Jail, filed a Complaint for Violation of Civil Rights. Doc. 1. He names as Defendants: Donna Gregory Thurson, Assistant State Attorney; Beverly Danielle Collins, Assistant State Attorney; Judge Daniel, Circuit Court Judge for the Fourth Judicial Circuit of Florida; Melissa Nelson, State Attorney for the Fourth Judicial Circuit of Florida; and Smith Starleigh, Assistant State Attorney. Id. at 2-3. Plaintiff argues that Defendants have violated his constitutional rights by "allowing Plaintiff to remain in custody after being notified of a speedy trial violation and still continue to prosecute[,] causing Plaintiff to reside in double jeopardy." Id. at 5. Plaintiff asserts that he demanded speedy trial on September 18, 2019, and filed a notice of expiration of speedy trial on November 22, 2019; however, Defendants continued to hold

Plaintiff in custody and did not timely initiate their prosecution of Plaintiff. Id. As relief, Plaintiff requests "(1) to be set free from charges forever[;] (2) not to be in double jeopardy[; and] (3) $350,000 for time spent in double jeopardy." Id. at 6.

To the extent Plaintiff is requesting immediate release from custody because he has been denied a speedy trial or is facing a double jeopardy violation, that relief cannot be obtained through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475. 487, 489 (1973). Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of [his] confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994). Consequently, if Plaintiff wishes to challenge the state's delay in bringing him to trial, Plaintiff may file a habeas corpus petition pursuant to 28 U.S.C. § 2241 after he has exhausted his state court remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488 (1973) (holding that state petitioner "is entitled to raise a speedy trial claim" prior to trial to force the state to bring him to trial); see also Witt v. Lee Cty. Sheriff's Dep't, No. 2:15-cv-119-FtM-29CM, 2015 WL 859442, at *2 (M.D. Fla. Feb. 27, 2015) (holding that § 2241, not § 1983, provides the basis to pursue the plaintiff's claim that Florida officials violated his speedy trial rights). Conversely, to the extent Plaintiff seeks monetary damages because he claims

that the conditions of his confinement are unconstitutional, he may initiate a separate civil rights action. The Court has approved the use of a form for § 2241 actions and § 1983 actions. Plaintiff will be provided with copies of these forms.

Further, a review of Plaintiff's state court docket shows that Plaintiff is currently represented by counsel in his two pending state court cases. See State v. Tyson, No. 2019-CF-783 (Fla. 4th Cir. Ct.); State v. Tyson, No. 2019-CF-750 (Fla. 4th Cir. Ct.). If Plaintiff wishes to pursue his speedy trial issue in state court, he should confer with his court-appointed attorney or voice his concerns with the state court at the next scheduled pretrial status hearing.

It is, therefore,

**ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED without prejudice**.

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.  The **Clerk** shall send Plaintiff a form for use in § 2241 cases, a form for use in § 1983 cases, and two affidavit-of-indigency forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Mark Wade Tyson, #33762